IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUSTIN BANKS, | § | |
| | § | No. 46, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24M-06-110 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 8, 2025
Decided: October 20, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) Justin Banks appeals his risk assessment tier II sex offender designation. Although we find no merit to the arguments that Banks raises on appeal, we nevertheless remand the matter to the Superior Court for further proceedings as explained below.

(2) On July 30, 2001, Banks pleaded guilty in New Jersey to one count of second-degree endangering the welfare of a child. Banks was sentenced to five years of incarceration, followed by lifetime community supervision. The sentencing court

also ordered Banks to comply with New Jersey's sex-offender registration statute ("SORS").

(3) Under Delaware's SORS, anyone convicted of a specified sex offense must register as a sex offender and be assigned to a risk assessment tier level according to the offense.[1] An individual convicted of an offense in another state that requires registration under that jurisdiction's SORS or that is "the same as, or equivalent to" an offense enumerated in Delaware's SORS must register as a sex offender in Delaware once they become a temporary or permanent resident of Delaware.[2] In 2022, Banks moved to Delaware and registered as a tier I sex offender.

(4) In June 2024, the State moved to designate Banks a tier II sex offender. In support of its motion, the State claimed that Banks' New Jersey conviction for second-degree endangering the welfare of a child is "equivalent to" a Delaware conviction for second-degree sexual abuse of a child by a person in a position of trust.[3] Following a hearing, a Superior Court commissioner granted the State's motion. Banks appealed to a Superior Court judge, who affirmed the commissioner's decision. This appeal followed.

---

[1] 11 *Del. C.* § 4120(b); *id.* § 4121(d).
[2] *Id.* § 4120(e)(2).
[3] App. to Opening Br. at B7; *see* 11 *Del. C.* § 4121(a)(4) (defining a "sex offender" as any person who has been convicted of various enumerated Delaware offenses or convicted of any offense in another state that is "the same as, or equivalent to," any of the enumerated offenses).

(5)  On appeal, Banks argues that Delaware's SORS violates the *ex post facto* clause of the United States Constitution, runs afoul of the Eighth Amendment, and deprives him of due process because it does not allow the Superior Court to make an individualized risk assessment.  Banks' claims, which we review for plain error because they were not raised below,[4] are unavailing.

(6)  First, this Court has previously held that Delaware's SORS is not punitive in nature and therefore its retroactive application does not violate the *ex post facto* clause.[5]  And because the statute is not punitive, it does not run afoul of the Eighth Amendment's protection against cruel and unusual punishment.[6]  Finally, in *Connecticut Department of Public Safety v. Doe*, the United States Supreme Court rejected a defendant's claim that Connecticut's SORS violated the Due Process Clause of the Fourteenth Amendment by depriving him of a liberty interest without notice or a meaningful opportunity to be heard.[7]  The Court assumed, *arguendo*, that the statute deprived the respondent of a liberty interest.  But the Court found that due

---

[4] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[5] *Helman v. State*, 784 A.2d 1058, 1078 (Del. 2001) ("The community notification scheme is a measured response to the goal of protecting the public by allowing law enforcement and those members of the community likely to encounter the sex offender to be cognizant of the potential danger…. Since we conclude that the community notification provisions are not punitive, we find no basis for invalidating the statute on *ex post facto* grounds.").

[6] *Millard v. Camper*, 971 F.3d 1174, 1181 (10th Cir. 2020) ("A deprivation cannot violate the Eighth Amendment's prohibition against 'cruel and unusual punishment' unless it first qualifies as 'punishment.'").

[7] 538 U.S. 1, 4 (2003).

3

process did not entitle him to a hearing when further fact finding was not necessary because "the law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest."[8] The same is true of Delaware's SORS, under which an sex offender's risk assessment tier designation is based solely on the fact of his conviction.

(7) Although we find no merit to Banks' arguments on appeal, we nevertheless remand this matter to the Superior Court because when Banks committed the conduct that gave rise to his guilty plea, the New Jersey statue defining endangering the welfare of a child provided, in relevant part:

> A person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, *or who causes the child harm that would make the child an abused or neglected child as defined [by New Jersey law]* is guilty of a crime of the second degree [of endangering the welfare of a child].[9]

By definition, Banks' conviction for second-degree endangering the welfare of a child under New Jersey law may have been based on non-sexual conduct, whereas a conviction for second-degree sexual abuse of a child by a person in a position of trust under Delaware law requires sexual conduct.[10]

---

[8] *Id*. at 7.

[9] N.J. S.A. § 2C:24-4 (2000) (emphasis added).

[10] 11 *Del. C.* § 778A.

(8)    The State concedes that the record was not sufficient to support the Superior Court's conclusion that Banks' New Jersey conviction involved sexual conduct.  The State correctly observes, however, that "in addition to statutory definitions, a [] court may look to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."[11]  We therefore conclude that the proper course of action is to remand this matter to the Superior Court to consider this limited class of documents to determine whether Banks' New Jersey conviction for second-degree endangering the welfare of a child is, in fact, "the same as, or equivalent to" a Delaware conviction for second-degree sexual abuse of a child by a person in a position of trust.

NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Superior Court for further proceedings consistent with this order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[11] *Valentine v. State*, 207 A.3d 166, 2019 WL 1178765, at *2 (Del. Mar. 12, 2019) (TABLE) (citation modified).